## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPHAEL MARTINEZ<br>2133 S Pollard St.<br>Arlington, VA 22204<br><br>        Plaintiff,<br><br>    v.<br><br>GAGANDEEP LAKHMNA<br>201 Spring Garden St., Apt. 502<br>Philadelphia, PA 19123<br><br>and<br><br>1413 GERMANTOWN LLC<br>30 South 15th Street, 15th floor<br>Philadelphia, Pennsylvania 19102<br><br>and<br><br>GREENPOINTE, LLC<br>1808 Spruce Street<br>Philadelphia, Pennsylvania 19103<br><br>        Defendants. | Case No. |

## COMPLAINT

Plaintiff Raphael Martinez ("Plaintiff"), by and through his undersigned counsel, files this action to recover damages for violations of his rights under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901, *et seq*. and Pennsylvania law (68 P.S. § 250.512).

## THE PARTIES

1. At all times relevant, Plaintiff was a member of the uniformed services for purposes of 50 U.S.C. § 3955.

2. Plaintiff was formerly a resident at 1413 Germantown Avenue, Apartment 32 in Philadelphia, Pennsylvania 19122 and is presently a resident of Arlington, Virginia.

3. At all times relevant, Defendant Gagandeep Lakhmna ("Lakhmna") was the owner and, upon information and belief, landlord for the above stated address and a resident of Philadelphia, Pennsylvania.

4. 1413 Germantown LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 30 South 15th Street, 15th Floor, Philadelphia, Pennsylvania 19102.

5. Greenpointe LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1808 Spruce Street Philadelphia, Pennsylvania 19103.

6. Upon information and belief, Defendant Lakhmna is a member and the alter ego of the above-mentioned defendant limited liability companies.

## JURISDICTION AND VENUE

7. Count I of this Complaint arises under SCRA, 50 U.S.C. § 3901, *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as conferred by 50 U.S.C. §§ 3912, 4042.

8. Count II of this Complaint arises under 68 P.S. § 250.512. The jurisdiction of this Court as to this Count is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

10. At all times relevant, Plaintiff was a Captain in the United States Army and was a member of the uniformed services.

11. In March of 2019, Plaintiff signed a lease to rent an apartment located at 1413 Germantown Avenue, Apartment 32 Philadelphia, PA 19122.

12. The lease was between Plaintiff, 1413 Germantown LLC and Defendant Lakhmna signed as the "lessor."

13. At all times relevant, Defendant Lakhmna was the owner and landlord of this apartment. Upon information and belief, Defendant Lakhmna was operating as 1413 Germantown LLC.

14. Upon signing his lease, Plaintiff paid a security deposit of $1,475.00. Plaintiff also pre-paid his last month's rent.

15. Plaintiff received permanent change of station orders on September 27, 2019.

16. On October 2, 2019, Plaintiff informed the Senior Property Manager, Ms. Kathy Johnson, that he would be executing a permanent change of station in January 2020. This was done in writing.

17. On December 7, 2019, Ms. Johnson informed Plaintiff that "according to Greenpointe LLC we can not comply with your move out wishes. You are still responsible for paying your rent as stated in your lease."

18. Plaintiff vacated the premises on December 17, 2019.

19. After vacating the premises, Defendants unlawfully continued to charge Plaintiff rent and alleged Plaintiff was in arrears for the month of December 2019.

20. Defendants did not return Plaintiff's security deposit or provide Plaintiff with an itemized list of deductions.

21. Additionally, Defendants reported Plaintiff to debt collection agencies, alleging that Plaintiff did not pay his rent.

22. As a U.S. Army officer with a high security clearance, being reported to debt collection agencies could have severe consequences for Plaintiff, such as his ability to maintain his security clearance, and potential disciplinary action from the military.

23. Defendant Lakhmna has a history of unconscionable treatment towards his tenants.

24. In March 2021, in the height of the Coronavirus Pandemic, Defendant Lakhmna "locked dozens of tenants and their children out of their homes despite a judge's order that they be allowed to stay." *See* Exhibit A, attached to this complaint.

25. Tenants lost access to their homes within an hour of a hearing in which a judge ruled all tenants should be allowed to stay in their units. *See* Exhibit A.

26. While his tenants were locked out of their homes, scrambling to find a place to sleep or get their medication, Defendant Lakhmna was "sailing on a large yacht…in the Caribbean." *See* Exhibit A.

27. There are numerous other lawsuits against Defendant Lakhmna and the various companies that he owns. *See* Exhibit B, attached to this Complaint.

## COUNT I – VIOLATION OF SCRA

28. Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 27 of the Complaint as if they were fully restated at length herein.

29. SCRA § 3955 (a)(1) and (b)(1)(B) state the lessee/servicemember, while in military service, can terminate an executed lease at any time after the lessee receives military orders for a permanent change of station.

30. For a lease that provides for monthly payment of rent, termination of the lease is effective thirty (30) days after the first date on which the next rental payment is due and payable after the date on which the notice is delivered. SCRA § 3955 (d)(1)(A).

31. SCRA § 3955(h) states "Any person who knowingly seizes, holds, or detains the…security deposit…of a servicemember who lawfully terminates a lease covered by this section…for the purpose of subjecting or attempting to subject any of such property to a claim for rent accruing subsequent to the date of the termination of such lease, or attempts to do so, shall be

fined as provided in title 18, or imprisoned for not more than one year, or both."

32. Plaintiff gave notice of his permanent change of station orders on October 2, 2019.

33. Thus, his last month in possession of the unit was December 2019. He officially vacated the premises on December 17, 2019.

34. Plaintiff gave timely and proper written notice to Defendants of his upcoming military service obligations.

35. Defendants unlawfully continued to charge Plaintiff rent after Plaintiff legally terminated the lease and vacated the premises.

36. Additionally, Defendants unlawfully withheld Plaintiff's $1,475.00 security deposit.

37. Defendants knowingly and willfully violated SCRA, including but not limited to Section 3955.

## COUNT II – VIOLATION 68 P.S. §250.512

38. Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 37 of the Complaint as if they were fully restated at length herein.

39. Under 68 P.S. §250.512, Defendants were required to return Plaintiff's security deposit, either in the full amount of $1,475.00 or a lesser amount accompanied with an itemized list of deductions, 30 days after he vacated the premises.

40. Failure to comply with 68 P.S. § 250.512 may result in the court awarding a plaintiff double damages, costs, and attorney's fees.

41. Plaintiff informed Defendants of his forwarding address.

42. Plaintiff vacated the premises on December 17, 2019. Thus, Defendants should have sent Plaintiff his security deposit on January 16, 2020.

43. Defendants have not, to date, provided Plaintiff with his security deposit or an

itemized list of deductions.

44. Defendants knowingly and willfully violated 68 P.S. § 250.512.

WHEREFORE, Plaintiff prays the Court grant him the following relief with respect to his Complaint:

    a. That Plaintiff be awarded monetary damages in accordance with 50 U.S.C. § 4042(a)(2), in an amount to be proven at trial;

    b. That Plaintiff be awarded equitable relief;

    c. That Defendant reverse any and all unfavorable reports made to any credit agencies regarding Plaintiff;

    d. That Plaintiff be awarded double his actual damages, in accordance with 68 P.S. §250.512(c), in an amount to be proven at trial;

    e. That the Court award Plaintiff his costs, including reasonable attorney's fees pursuant to 50 U.S.C. § 4042(b); and

    f. That Plaintiff recover any and all other relief to which he may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues and claims so triable.

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (320476)
Melanie J. Garner (315058)
The Garner Firm, Ltd.
1617 John F. Kennedy Boulevards, Suite 550
Philadelphia, PA 19103
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
adam@garnerltd.com
melanie@garnerltd.com

                                                Brian J. Lawler
                                                (*Pro Hac Vice* Application to be Filed)
                                                Pilot Law, P.C.
                                                850 Beech Street, Suite 713
                                                San Diego, California 92101
                                                Telephone: (619) 255-2398
                                                Facsimile: (619) 231-4984
                                                <u>blawler@pilotlawcorp.com</u>

                                                *Attorneys for Plaintiff*

Dated: August 1, 2022