IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DITRICT OF PENNSYLVANIA

| | |
|---|---|
| Raphael Martinez<br><br>– v. –<br><br>Gagandeep Lakhmna, 1413 Germantown LLC, and Greenpointe LLC | No. 2:22-cv-03022-MAK<br><br>Civil Action |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR ADMISSION *PRO HAC VICE***

Unusual circumstances compel us to take the unusual step of opposing a motion for admission *pro hac vice*. This case is a basic landlord-tenant dispute. The question is whether Defendants improperly retained Plaintiff Raphael Martinez's $1,475 security deposit. Plaintiff's primary and best claim for monetary relief is under Pennsylvania's Landlord and Tenant Act of 1951 (the "***LTA***"). The Act permits double damages for improper deposit retention.[1] Mr. Martinez also makes a claim under the federal Servicemembers Civil Relief Act ("***SCRA***"), which permits the award of attorney's fees.[2]

We are not contesting that Mr. Martinez is entitled to twice the amount of his security deposit. We are not contesting that Mr. Martinez is entitled to an award of

---

[1] Act of Apr. 6, 1951, P.L. 69, No. 20, § 512(c) ("If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow"), which is informally codified at 68 PURDON'S STAT. § 250.512.

[2] 50 U.S.C. § 4042(b).

*reasonable* attorney's fees. And we are willing to provide all additional relief that Mr. Martinez's counsel requested on his behalf.

There is no reason for Brian J. Lawler to be admitted *pro hac vice*. Your Honor's Policies and Procedures provide for two requirements for admission that we contest: (1) that the motion provide "reasons the client requires *this* lawyer's special admission, i.e., what does the applicant offer which cannot be provided by the attorney admitted in our Court"; and (2) that the motion be "made as soon as possible." (Policies and Procedures at ¶ I(J)) (emphasis in original). We also oppose the motion because it unnecessarily will inflate costs and because Mr. Lawler has already violated this Court's Local Rules.

First, there is no reason that counsel of record Adam Garner cannot provide Mr. Martinez with all of the legal services that he needs. The primary dispute in this case under the LTA is a basic dispute that all Pennsylvania attorneys should be able to handle. Basic LTA disputes are so simple that Pennsylvania attorneys typically charge approximately $500 in fees for trying them to trial under the Philadelphia Municipal Court efficient and rapid procedures.

There is no reason that California counsel would somehow be useful in providing such services. The attached invoice indicates that Mr. Lawler's firm had to do substantial research regarding the LTA's requirements to familiarize himself with them. Mr. Garner is more than capable of handling the issue.

In addition, the SCRA provides no reason for Mr. Martinez to specifically require Mr. Lawler's services. There are no difficult or "real" legal issues under the SCRA. We are not contesting that Mr. Martinez should be awarded reasonable attorney's fees under it—only their amount. Mr. Garner is amply capable of

litigating a fee dispute and his motion suggests no particular reason to need Mr. Lawler to do that.

Second, Mr. Garner filed this suit on August 1, 2022. There is no apparent excuse to justify the 84-day delay in filing this motion since then.

Third, despite the failure to seek admission *pro hac vice*, Mr. Lawler appears to have taken the primary role in litigation. His invoice reflects drafting the Complaint and conversations directly with Mr. Martinez—and reflects that his firm is responsible for the substantial majority of the charges. Mr. Lawler also reached out to the undersigned to negotiate settlement and drafted and sent Mr. Martinez's demand letter.

Mr. Lawler's actions breached Local Rule 83.5.2, which requires an attorney actively participating in a matter to seek admission *pro hac vice* before active participation: "An attorney who is not a member of the bar of this Court shall not actively participate in the conduct of any trial or pre-trial or post-trial proceeding before this Court unless, upon motion of a member of the bar of this Court containing a verified application, leave to do so shall have been granted." Accordingly, the delay was not only inconsistent with your Honor's Policies and Procedures but also the Local Rules.

Moreover, admission of Mr. Lawler may be an attempt to attempt to salvage his bills from the principle that attorneys who "actively participate" in a matter prior to admission *pro hac vice* cannot collect fees because they violated Local Rule 83.5.2.[3] This Court should not countenance such an effort.

---

[3] *See, e.g.*, *Gsell v. Rubin & Yate, LLC*, 41 F. Supp. 3d 443, 450–51 (E.D. Pa. 2014) (Robreno J.).

Fourth, Mr. Lawler's presence in this suit has substantially inflated the claimed fees to get a pleading filed and served in this simple dispute to over $26,000—not including whatever charges have accrued since the last invoice. Mr. Lawler's firm has billed for his time, his associate's time, and a paralegal's time. That is in addition to time for counsel of record, Mr. Garner. The multiplicity of personnel involved for Mr. Martinez in this simple landlord-tenant dispute has caused billing for *over $10,000* in emails and phone calls already—before we've even answered the Complaint.

Mr. Lawler also seeks payment of $750 per hour. Again, this is a simple landlord-tenant dispute that could have been resolved in Philadelphia Municipal Court where fees would ordinarily be less than that for the *entire case*—not for forty minutes of sending emails.

In short, we have no opposition to the relief that Mr. Martinez's counsel have requested for him personally. We take responsibility for the error that lead to this suit and apologize, and have apologized, to Mr. Martinez. But this case is now about how much his attorneys are going to get paid. Admitting Mr. Lawler does nothing but inflate costs.

                                      Respectfully submitted,

                                         */s/ Daniel J. Auerbach*
                                      Daniel J. Auerbach, Esq. (Pa. I.D. No. 316856)
                                      Gamburg & Benedetto LLC
                                      1500 John F. Kennedy Blvd., Suite 1203
                                      Philadelphia, PA 19102
                                      (267) 687-2336
                                      dan@gamburglaw.com

Dated: October 24, 2022

## CERTIFICATE OF SERVICE

This document has been filed electronically and is available for viewing and downloading from the ECF system. Plaintiff was served with this filing through electronic filing because his counsel is a Filing User.

            */s/ Daniel J. Auerbach*
Daniel J. Auerbach, Esq. (Pa. I.D. No. 316856)
Gamburg & Benedetto LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
(267) 687-2336
dan@gamburglaw.com

Dated: October 24, 2022